LINO V. MARTIRE (SBN 169639)
LAW OFFICES OF LINO V. MARTIRE
1 ALMADEN BLVD., SUITE 505
SAN JOSE, CALIFORNIA 95113
Lino.martire@martirelaw.com
TELEPHONE: (408) 280-6898
FACSIMLE:  (408) 280-6899

Attorney for IDC Technologies, Inc.

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER TAYLOR,<br><br>        Plaintiff,<br><br>vs.<br><br>IDC TECHNOLOGIES, INC. and FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>        Defendants. | Case No.: 5:15-CV-02929<br><br>DEFENDANT IDC TECHNOLOGIES, INC.'S CROSS-CLAIM AGAINST DEFENDANT FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC. |
| IDC TECHNOLOGIES, INC.,<br><br>        Cross-Claimant,<br><br>vs.<br><br>FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,<br><br>        Cross-Defendant. | |

Cross-Claimant IDC TECHNOLOGIES, INC. by and through its attorneys brings the following Cross-Claim against Cross-Defendant FIRST ADVANTAGE  LNS SCREENING

Taylor v. IDC Technologies, Inc., et al.
USDC Northern District of California – San Jose Division Case No. 5:15-CV-02929
DEFENDANT IDC TECHNOLOGIES, INC.'S CROSS-CLAIM AGAINST
DEFENDANT FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

1

SOLUTIONS, INC. for Implied Indemnity, Equitable Indemnity, and Declaratory Relief, arising from the claims of plaintiff CHRISTOPHER TAYLOR for violations of the Fair Credit Reporting Act alleged in his Complaint for Damages filed herein on June 24, 2015.

## PARTIES

1. Cross-claimant IDC TECHNOLGIES, INC. ("IDC") is a California corporation, with its principal office located in Santa Clara County, California.

2. Cross-defendant FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC. . ("First Advantage"), based upon IDC's information and belief, is a business incorporated in the State of Georgia.

## VENUE AND JURISDICTION

3. The Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. Section 1367.

4. Venue of this action is proper in this District pursuant to 28 U.S.C. Section 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## GENERAL FACTUAL ALLEGATIONS

5. On or about January 29, 2015 plaintiff CHRISTOPHER TAYLOR ("plaintiff") contacted IDC for the purpose of expressing his interest in providing professional services for MoneyGram, a client of IDC.

Taylor v. IDC Technologies, Inc., et al.
USDC Northern District of California – San Jose Division Case No. 5:15-CV-02929
DEFENDANT IDC TECHNOLOGIES, INC.'S CROSS-CLAIM AGAINST
DEFENDANT FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

2

6. On or about February 9, 2015, IDC and Taylor Application Analyst, Inc. entered into a Professional Services Agreement, whereby Taylor Application Analyst, Inc. agreed to provide personnel to provide information technology services to IDC's clients. In accordance with this agreement, Taylor Application Analyst, Inc. and IDC signed a Purchase Order whereby plaintiff would provide professional services to MoneyGram as a contractor for Taylor Application Analyst, Inc.

7. On or about February 6, 2015, plaintiff signed a written disclosure and authorization form in which he consented to a background check, which had to be obtained before he could start providing services to MoneyGram.

8. IDC is a customer of First Advantage, which provides background checks for its customers who fill out a form online in exchange for payment. On or about February 9, 2015, submitted a request to First Advantage for a background check of plaintiff.

9. On or about February 18, 2015, IDC received a background report from First Advantage which showed that plaintiff had certain criminal convictions. IDC was entitled to rely on this report because First Advantage held itself out as having expertise in providing background information.

10. Plaintiff alleges in his complaint that he disputed the convictions on his report to First Advantage. Plaintiff further alleges in his complaint that First Advantage did not reasonably reinvestigate plaintiff's dispute, that it failed to consult actual court records, and that if failed to review the report to ensure that names and dates of birth matched.

Taylor v. IDC Technologies, Inc., et al.
USDC Northern District of California – San Jose Division Case No. 5:15-CV-02929
DEFENDANT IDC TECHNOLOGIES, INC.'S CROSS-CLAIM AGAINST
DEFENDANT FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

3

11. Plaintiff alleges in his complaint that First Advantage refused to "correct" his report and that as a result of this plaintiff was unable to pay his rent, had to vacate his home, and suffered damages in the form of lost income, harm to reputation, and emotional distress.

12. IDC was entitled to rely on the refusal of First Advantage to "correct" plaintiff's report. This resulted in IDC revoking the purchase order for plaintiff's assignment with MoneyGram. Any damages that plaintiff may have suffered, if any, as a result of this were caused by the alleged refusal of First Advantage to "correct" plaintiff's report.

## **FIRST CAUSE OF ACTION**
**(Implied Indemnity)**

13. IDC realleges paragraphs 1 through 12 and incorporates them by reference herein.

14. On or about June 24, 2015, plaintiff filed the Complaint against IDC and First Advantage seeking damages for, among other things, violations of the Fair Credit Reporting Act. Plaintiff's complaint, for purposes of its allegations only, is incorporated by reference herein as though fully set forth at length.

15. All of the damages claimed by plaintiff in his complaint were solely due to the conduct of First Advantage and will be the direct and proximate result of the conduct of First Advantage. Therefore, IDC is entitled to be indemnified by First Advantage for all damages assessed by the Court against IDC, as well as IDC's attorney's fees and costs.

//

//
Taylor v. IDC Technologies, Inc., et al.
USDC Northern District of California – San Jose Division Case No. 5:15-CV-02929
DEFENDANT IDC TECHNOLOGIES, INC.'S CROSS-CLAIM AGAINST
DEFENDANT FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

4

## SECOND CAUSE OF ACTION
### (Equitable Indemnity)

16. IDC realleges paragraphs 1 through 115 and incorporates them by reference herein.

17. IDC alleges that it is in no way legally responsible for the events giving rise to the allegations or any damages, if any, as set forth in the plaintiff's complaint. IDC is informed and believes and on that basis alleges that the acts and damages alleged in plaintiff's complaint were solely due to the conduct and will be the direct and proximate result of the conduct of First Advantage.

18. By reason of the foregoing, First Advantage is responsible and liable for any such damages. Accordingly, IDC is entitled to judgment against First Advantage for any damages it is order to pay plaintiff, as well as IDC's attorney's fees and costs.

## THIRD CAUSE OF ACTION
### (Declaratory Relief)

19. IDC realleges paragraphs 1 through 18 and incorporates them by reference herein.

20. An actual controversy has arisen between IDC and First Advantage, with respect to the rights, obligations and duties of the parties: (a) IDC contends it is without fault, responsibility or blame for any of the damages which plaintiff may have suffered as set forth in his complaint. If there are any damages, these acts were committed by First Advantage and not IDC. IDC contends that it is entitled to indemnity from First Advantage; and (b) IDC is informed and believes and thereon alleges that the First Advantage contends to the contrary.

Taylor v. IDC Technologies, Inc., et al.
USDC Northern District of California – San Jose Division Case No. 5:15-CV-02929
DEFENDANT IDC TECHNOLOGIES, INC.'S CROSS-CLAIM AGAINST
DEFENDANT FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

5

23. IDC desires a judicial declaration of the parties' rights and duties as to whether IDC is entitled to complete indemnity by First Advantage.

24. A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties with respect to IDC's indemnity rights.

## PRAYER FOR RELIEF

WHEREFORE, IDC prays for judgment against First Advantage as follows:

1. For damages in an amount to be proven at trial;

2. For a declaration of IDC's rights and duties;

3 For an order of this court that IDC is entitled to be fully indemnified by First Advantage for any damages, costs, an attorney's fees awarded to plaintiff as a result of his complaint;

4. For attorney's fees and costs incurred herein; and

5. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, IDC demands a trial by jury.

Dated: July 30, 2015        Respectfully submitted,

By:  /s/ Lino V. Martire
LINO V. MARTIRE
Attorney for Defendant
IDC Technologies, Inc.

Taylor v. IDC Technologies, Inc., et al.
USDC Northern District of California – San Jose Division Case No. 5:15-CV-02929
DEFENDANT IDC TECHNOLOGIES, INC.'S CROSS-CLAIM AGAINST
DEFENDANT FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

6

<u>Christopher Taylor v. IDC Technologies, Inc. & First Advantage Background Services Corp.</u>
<u>United States District Court Northern District of California San Jose Division #5:15-CV-02929</u>

CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the county of Santa Clara; I am over the age of eighteen years and not a party to the within action; my business address is 1 Almaden Boulevard, Suite 505, San Jose, California 95113. On the date set forth below I served the documents described below:

DEFENDANT IDC TECHNOLOGIES, INC.'S CROSS-CLAIM AGAINST DEFENDANT FIRST ADVANTAGE LNS SCREENIGN SOLUTIONS, INC.

With the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record. I also placed a copy of said document and served via Federal Express addressed as follows:

| | |
|---|---|
| **NICHOLS KASTER, LLP**<br>Matthew C. Helland<br>One Embarcadero Center, Suite 720<br>San Francisco, CA 94111<br>Phone: (415) 277-7235<br>Fax: (415) 277-7238 | **Attorneys for Plaintiff Christopher Taylor** |
| **NICHOLS KASTER, PLLP**<br>John G. Albanese<br>4600 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Phone: (612) 256-3200<br>Fax: (612) 338-4878 | **Attorneys for Plaintiff Christopher Taylor** |
| **FRANCIS & MAILMAN, P.C.**<br>Mark D. Mailman*<br>Erin A. Novak*<br>Land Title Building, 19th Floor<br>100 South Broad Street<br>Philadelphia, PA 19110<br>Phone: (215) 735-8600<br>Fax: (215) 940-8000 | *pro hac vice* applications forthcoming |
| **SEYFARTH SHAW LLP** | **Attorneys for Defendant First Advantage** |

DEFENDANT IDC TECHNOLOGIES, INC.'S CROSS-CLAIM AGAINST DEFENDANT FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.     1     CASE NO. 5:15-CV-02929

Eric Lloyd
560 Mission Street, Suite 3100
San Francisco, CA 94105
Phone: 415) 397-2833
Fax: (415) 397-8549

LNS Screening Solutions, Inc.

**SEYFARTH SHAW LLP**
Frederick T. Smith (*pro hac vice* application to be submitted)
Megan H. Poonolly (*pro hac vice* application to be submitted)
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA 30309-3958
Phone: (404) 885-1500
Fax: (404) 892-7056

**Attorneys for Defendant First Advantage LNS Screening Solutions, Inc.**

Dated: July 30, 2015

/s/Sharon Schuetze
Sharon Schuetze