UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>IDC TECHNOLOGIES, INC, et al.,<br><br>        Defendants. | Case No. 15-cv-02929-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS CROSS-CLAIMS**<br><br>**(Re: Docket No. 25)** |

Plaintiff Christopher Taylor alleges that Defendant IDC Technologies, Inc. rescinded his job offer after a background check it obtained from Defendant First Advantage Background Services Corp. mistakenly attributed his brother's criminal record to Taylor.[1] Taylor claims that both First Advantage and IDC violated the Fair Credit Reporting Act and owe him damages.[2] IDC cross-claims that First Advantage should indemnify IDC for any damages that IDC may have to pay.[3]

First Advantage now moves to dismiss these cross-claims.[4] IDC opposes and alternatively seeks leave to amend its cross-claims to add causes of action under state law.[5] After considering the parties' papers and oral argument, for the reasons set forth below, the court GRANTS First Advantage's motion to dismiss, without leave to amend.

---

[1] *See* Docket No. 1 at ¶¶ 24-35.

[2] *See id.* at ¶¶ 54-62.

[3] *See* Docket No. 16 at ¶¶ 13-18.

[4] *See* Docket No. 25.

[5] *See* Docket No. 34.

1

Case No. 15-cv-02929-PSG
ORDER GRANTING MOTION TO DISMISS CROSS-CLAIMS

**I.**

Taylor signed a six-month contract with IDC to provide services to IDC client MoneyGram in St. Louis Park, Minnesota, starting in February 2015.[6] Before Taylor was due to begin work, IDC ordered a background check on him from consumer reporting agency First Advantage.[7] On February 17, an IDC representative called Taylor to tell him that he could not start his job because the background check had revealed red flags.[8] Later that day, he received a copy of the background check report in the mail and discovered that it listed four criminal convictions on his record—convictions that in fact belonged to his brother.[9]

On February 20, Taylor faxed IDC a certification from the Minnesota Bureau of Criminal Apprehension that showed that these convictions were his brother's and not his.[10] On the same day, he disputed those convictions to First Advantage.[11] But IDC continued to tell Taylor that he would not be able to work for them, and First Advantage failed to reinvestigate his dispute or correct his report.[12]

Taylor claims that neither IDC nor First Advantage met its FCRA obligations.[13] When an employer uses a consumer report for employment purposes, and before it takes any adverse action based in whole or in part on the report, the employer must provide the would-be employee with a copy of the report and a description of the employee's rights under the FCRA.[14] Taylor alleges

---

[6] *See* Docket No. 1 at ¶ 18; Docket No. 16 at ¶ 6.

[7] *See* Docket No. 1 at ¶ 21; Docket No. 16 at ¶ 8.

[8] *See* Docket No. 1 at ¶ 24.

[9] *See id.* at ¶¶ 25, 29-30; Docket No. 1-1.

[10] *See* Docket No. 1 at ¶ 33-34; Docket No. 1-2.

[11] *See* Docket No. 1 at ¶ 37.

[12] *See id.* at ¶¶ 35, 37, 39.

[13] *See id.* at ¶¶ 54-62.

[14] *See* 15 U.S.C. § 1681b(b)(3)(A).

that IDC did neither.[15] Consumer reporting agencies, meanwhile, must "follow reasonable procedures to assure maximum possible accuracy."[16] If the consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file," the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."[17] According to Taylor, First Advantage failed to verify his report before issuing it or to reinvestigate once Taylor disputed it.[18]

**II.**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

**III.**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[19] Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[20] The claimant must proffer "enough facts to state a claim to relief that is plausible on its face."[21] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] At this stage of

---

[15] *See* Docket No. 1 at ¶¶ 36, 45.

[16] 15 U.S.C. § 1681e(b).

[17] *Id.* § 1681i(a)(1)(A).

[18] *See* Docket No. 1 at ¶¶ 37-39, 49-53.

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[23] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[24] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[25]

Against these standards, IDC's cross-claims for indemnification cannot survive. "A defendant held liable under a federal statute has a right to indemnification or contribution from another only if such right arises: (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) under the federal common law."[26] The FCRA does not include any express provisions for indemnity or contribution, and all courts analyzing the issue have found that it does not imply such a provision.[27] Federal common law does not create a right for indemnity or contribution under the FCRA either.[28]

Instead of disputing these conclusions, IDC argues that its indemnification claims arise under California law and not federal law. This is not persuasive. Taylor only alleges violations of

---

[23] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[24] *See id.*

[25] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[26] *Doherty v. Wireless Broad. Sys. of Sacramento, Inc.*, 151 F.3d 1129, 1130-31 (9th Cir. 1998) (citing *Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638 (1981)).

[27] *See, e.g.*, *Gonzalez v. Harris Farms*, Case No. 14-cv-00038, 2014 WL 6981429, at *2-4 (E.D. Cal. Dec. 10, 2014); *Bowman v. Selection Mgmt. Sys.*, Case No. 06-cv-00110, 2010 WL 3783446, at *1-2 (W.D. Va. Sept. 28, 2010); *Boatner v. Choicepoint Workplace Sols., Inc.*, Case No. 09-cv-01502, 2010 WL 1838727, at *1-3 (D. Or. May 6, 2010); *McSherry v. Capital One FSB*, 236 F.R.D. 516, 520-22 (W.D. Wash. 2006).

[28] *See, e.g.*, *Gonzalez*, 2014 WL 6981429, at *4; *Bowman*, 2010 WL 3783446, at *2; *Boatner*, 2010 WL 1838727, at *3; *McSherry*, 236 F.R.D. at 522-23.

the FCRA, and federal law governs the right to indemnity under federal statutes.[29]  First Advantage has provided several cases that reach the same conclusion,[30] and IDC has cited none to the contrary.[31]  IDC cannot assert a state law right to indemnification to skirt the legislative decision not to provide one in the FCRA.

Confronted with this reality, IDC asks that the court allow it to amend its cross-complaint with state law claims for breach of contract and negligent misrepresentation.  Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[32]  Ninth Circuit case law establishes exactly that.  In *Mortgages, Inc.*, the Ninth Circuit found that defendants held liable under the False Claims Act did not have a right to indemnification or contribution.[33]  Accordingly, it dismissed various state law claims, including breach of contract and negligent misrepresentation, for which the relief sought was

---

[29] *See Nw. Airlines, Inc. v. Transp. Workers Union of Am., Inc.*, 451 U.S. 77, 90-91 (1981).  IDC points out that *Northwest Airlines* only discussed contribution and not indemnity, but the Ninth Circuit has cited it when analyzing claims of indemnity.  *See Doherty*, 151 F.3d at 1130-31.

[30] *See, e.g.*, *Gonzalez*, 2014 WL 6981429, at *2 ("[W]hether the right to indemnification or contribution exists under the FCRA is a question of federal law."); *Cintron v. Savit Enters.*, Case No. 07-cv-04389, 2009 WL 971406, at *2 (D.N.J. Apr. 9, 2009) ("At the outset, the question whether indemnification or contribution is available to ACB is . . . one of federal, not state, law."); *see also Gilmore v. List & Clark Constr. Co.*, 866 F. Supp. 1310, 1312 (D. Kan. 1994) ("[I]t is inappropriate to look to state law to provide a right of indemnity and contribution under Title VII where no such right exists in the federal statutory scheme.").

[31] The cases that IDC does cite are not on point.  *Delay v. Rosenthal Collins Group, LLC* dealt with indemnification of an employee's legal expenses after he successfully defended an action under the Commodities Exchange Act.  *See* 585 F.3d 1003, 1005-07 (6th Cir. 2009).  Any liability that IDC may face in this case would arise only if it were found that IDC had violated the FCRA.  *Kay v. First Continental Trading, Inc.* examined a contractual indemnity clause, not a non-contractual claim for indemnity.  *See* 966 F. Supp. 753, 753-56 (N.D. Ill. 1997).  In fact, the *Kay* court explicitly rejected the applicability of a state contribution statute to a claim arising under federal law.  *See id.* at 754 (citing *Donovan v. Robbins*, 752 F.2d 1170, 1179 (7th Cir. 1985)).

[32] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[33] *See* 934 F.2d at 212-14.

indemnification.[34] The Ninth Circuit explained that "there can be no right to assert state law counterclaims that, if prevailed on, would end in the same result" as indemnification otherwise unavailable under federal law.[35] Under *Mortgages, Inc.*, IDC's proposed cross-claims are futile, and amending the cross-complaint to add the cross-claims would not save it. First Advantage's motion to dismiss is GRANTED. IDC's request for leave to amend is DENIED.

**SO ORDERED.**

Dated: October 30, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[34] *See id.* at 211 & n.1, 214.

[35] *Id.* at 214.