NICHOLS KASTER, LLP
Matthew C. Helland, CA Bar No. 250451
helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Phone: (415) 277-7235
Fax: (415) 277-7238

BERGER & MONTAGUE, P.C.
John G. Albanese, MN Bar No. 0395882*
jalbanese@bm.net
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Phone: (612) 594-5999
Fax: (612) 584-4470

FRANCIS & MAILMAN, P.C.
Mark D. Mailman*
Erin A. Novak*
Land Title Bldg, 19th Fl
100 South Broad Street
Philadelphia, PA 19110
Phone: (215) 735-8600
Fax: (215) 940-8000

*admitted *pro hac vice*
Attorneys for Plaintiff
[Attorneys for Defendants listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER TAYLOR,<br><br>        Plaintiff,<br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>        Defendant. | Case No.: 4:15-cv-02929-DMR<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. Donna M. Ryu<br>Courtroom: 4, 3rd Floor<br>Date: July 6, 2016<br>Time: 1.30 PM<br>Complaint Filed: June 24, 2015 |

The parties to the above-entitled action jointly submit this UPDATED JOINT CASE MANAGEMENT STATEMENT pursuant to the Court's Order Setting Case Management Conference (ECF No. 74).

**1. PRIOR CASE MANAGEMENT CONFERENCE**

Magistrate Judge Grewal held a case management conference on September 22, 2015. (ECF No. 40.)

**2. DEVELOPMENTS SINCE THE LAST CMC.**

On April 20, 2016, the parties engaged in a mediation with neutral Shirish Gupta. At mediation, Plaintiff reached a settlement with Defendant IDC Technologies, Inc., ("IDC") and IDC has been dismissed from this case. (ECF No. 66.) Plaintiff and Defendant First Advantage did not settle at the mediation. Discovery was completed on May 27, 2016.

After Magistrate Judge Grewal announced his departure from the bench, many of the pre-trial deadlines were vacated, and this Court extended the deadline to file dispositive motions to July 17, 2016. (ECF Nos. 68, 72.)

**3. PARTIES' PROPOSALS FOR THE REMAINDER OF THE CASE.**

**A. Plaintiff's Position.**

Plaintiff has two claims against Defendant First Advantage: (1) that First Advantage negligently and/or willfully failed to follow reasonable procedures to assure maximum possible accuracy in preparing Plaintiff's background check under 15 U.S.C. § 1681e(b), and (2) that First Advantage negligently and/or willfully failed to conduct reasonable reinvestigation upon receiving Plaintiff's dispute of his background check as required by 15 U.S.C. § 1681i. Plaintiff intends to move for partial summary judgment on his second claim, seeking a ruling that in response to Plaintiff's dispute, First Advantage failed to conduct a reasonable reinvestigation and that such failure was, at a minimum, negligent. Plaintiff is in the process of drafting proposed stipulated facts which he will provide First Advantage to see if the parties can reach agreement on a joint statement of facts prior to the filing of the motion. Plaintiff and First Advantage will meet and confer regarding scheduling a hearing date for Plaintiff's motion in accordance with the Local Rules and the Court's standing order.

Plaintiff requests that a trial date be set for 90 days following the Court's ruling on dispositive motions, with a final pre-trial conference set according to the Court's calendar and preference.

### B.  Defendant First Advantage's Position.

First Advantage also intends to file a motion for summary judgment on one or more of Plaintiff's claims.  Defendant concurs with Plaintiff's request that a trial date be set for 90 days following the Court's ruling on any dispositive motions, with a final pre-trial conference set according to the Court's calendar and preference.

### 4.  SETTLEMENT AND ADR.

As stated above, Plaintiff and Defendant First Advantage did not settle at mediation.  The parties did not believe that further ADR would be helpful at this time.

Dated: June 29, 2016            /s/John G. Albanese
                                Counsel for plaintiff

Dated: June 29, 2016            /s/ Megan H. Poonolly
                                Counsel for defendant

### CASE MANAGEMENT ORDER

The above UPDATED JOINT CASE MANAGEMENT STATEMENT is approved as the Case Management Order for this case and all parties shall comply with its provisions.  [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

Hon. Donna M. Ryu
UNITED STATES MAGISTRATE JUDGE